[S. F. No. 13140. In Bank.—April 23, 1930.]

NG YEE YIN, Appellant, v. M. H. LEE, etc., et al., Respondents.

Robert E. Hatch for Appellant.

W. A. Richardson and Devoto & Richardson for Respondents.

CURTIS, J.—This is an action for an accounting of a Chinese partnership brought by the plaintiff, Ng Yee Yin, against the defendants, M. H. Lee and Chew Chung Kew. The action is in reality only against M. H. Lee, as he was the only defendant served, and he will hereafter be referred to as the defendant. The partnership involved herein was

known as the Man Hing Lee Company, and was composed of the plaintiff, the defendant and the said Chew Chung Kew. The trial was had and judgment rendered in favor of the defendant, and the plaintiff appealed.

On this appeal the controversy has narrowed down to two items involved in the account. These items are for $6,800 and $5,100, respectively.

It is claimed by the plaintiff that the defendant received the sum of $6,800 from the Maxwell Irrigated Farms Company and unlawfully applied all of said sum in payment of a debt due from said company to the defendant. At the time the Maxwell Irrigated Farms Company made said payment to the defendant, said company was also indebted to the partnership of Man Hing Lee Company in a large sum of money approximating $40,000. The plaintiff contends that when said sum of $6,800 was paid, the defendant, being the managing partner of said partnership, should have applied said sum *pro rata* between the copartnership and himself in proportion to the respective amounts due from said company to the partnership and to the defendant. The partnership in which the parties hereto were members had previously entered into an agreement and lease with the Maxwell Irrigated Farms Company in which it was agreed that the partnership should construct certain buildings upon the leased premises for the use and benefit of certain laborers employed by the partnership in working the lands covered by said lease. It was further agreed that the Maxwell Irrigated Farms Company should repay to the partnership all sums of money expended by the partnership in the construction of said buildings. When the time arrived for the construction of said buildings the Man Hing Lee Company was without funds to construct the same. The defendant from his own funds advanced to the partnership over $8,000 for the purpose of constructing said buildings. Thereafter the Maxwell Irrigated Farms Company paid to defendant the sum of $6,800 for the partnership which the defendant applied on the indebtedness due him from the partnership by reason of the expenditures made by him in constructing said buildings. The only criticism which the plaintiff makes regarding this transaction is based upon the assertion that the buildings

in question were to be erected by the Maxwell Irrigated Farms Company and not by the partnership and, therefore, when the defendant advanced the money for their construction he advanced it to the Maxwell Irrigated Farms Company and not to the partnership. But the claim that the Maxwell Irrigated Farms Company was to erect said buildings has no foundation in fact as the written lease in evidence plainly and conclusively shows to the contrary. As the buildings were to be constructed and paid for in the first instance by the partnership, when, therefore, the defendant advanced the money for their construction, he advanced it for the use of the partnership and not for the Maxwell Irrigated Farms Company. The company, accordingly, was not indebted to the defendant for the money thus advanced. On the other hand, as we have seen, the partnership was indebted to the defendant for the money advanced by him. This indebtedness was still outstanding when the company paid to the defendant for the partnership said sum of $6,800. This being so, the defendant had the right to offset said payment as against the amount due him from the partnership in so far as the same would satisfy his debt.

We have treated this transaction as if the sum of $6,800 had actually been paid in cash. The evidence, however, shows that no money really changed hands, but that the transaction involved a series of credits between the parties. This fact does not change the legal relations of the parties, nor affect our conclusion that the whole of the $6,800 item was correctly credited to the account in favor of the defendant.

The claim regarding the item of $5,100 rests upon equally untenable grounds. The defendant and his co-partners in the Man Hing Lee Company were also members of another partnership by the name of the Sam Hop Wo Company. They owned by far the largest interest in said last-named company, the other partners being a number of small shareholders consisting of laborers and persons of small means. The Sam Hop Wo Company became financially embarrassed and it was decided to close out its business and terminate its existence. In order to do so it was necessary to pay up the indebtedness of this company. The small shareholders were unable to meet their share of·

this indebtedness and it was agreed by the partners of the Man Hing Lee Company that the defendant should attempt to collect the amount and settle the bills, but that in case it was impossible for him to do so, the Man Hing Lee Company· would advance the money. In accordance with the written agreement to this effect, the defendant paid out of the funds of the Man Hing Lee Company $5,102 in behalf of the small shareholders. It was the understanding that an assessment would be levied upon the small shareholders to repay this amount and a notice was accordingly sent out to them. Plaintiff claims that at least a part of these assessments was paid, although there is no contention that any substantial, or for that matter, that any definite or specific amount had been paid to defendant to reimburse the Man Hing Lee Company in this matter. The only evidence in the case regarding these payments is found in the testimony given by the defendant. He was asked by plaintiff's attorney regarding this matter and stated that if these assessments had been paid the Man Hing Lee Company would have received its money back, but that most of them had not been paid. Plaintiff relies upon this evidence as proof that some of these assessments had been paid. Although from this testimony of the defendant it might possibly be inferred that the defendant had received money from the payment of assessments which he had not accounted for, this evidence is not clear and satisfactory and falls short of being sufficient to justify a reversal of the judgment by this court. Moreover, just preceding this testimony, the defendant had been asked practically the same question as that just referred to—that is: "If all of the parties paid up their assessments you would have gotten back $5,102?" To this question he answered: "No, the partners never paid." It will thus be seen that the very testimony of the witness relied upon by the plaintiff, assuming that the testimony of the defendant to the effect that most of the partners did not pay is equivalent to testimony that some of the partners did pay, is contradictory within itself. In this state of the record, the judgment of the trial court is binding upon us.

We are satisfied that the conclusion of the trial court that the two items above referred to were correctly accounted

for by the defendant finds ample support in the evidence. The judgment is therefore affirmed.

Seawell, J., Shenk, J., Richards, J., and Waste, C. J., concurred.

Preston, J., deeming himself disqualified, did not participate in the foregoing opinion.